# HANSKI PARTNERS LLC

4 INTERNATIONAL DRIVE, STE 110
RYE BROOK, NY 10573

June 15, 2026

*Via ECF*
The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Request for Local Civil Rule 37.2 Conference and Limited Amendment of Scheduling Order; Thomas v. Chen et al 1:25-cv-02287*

Dear Judge Lehrburger:

Hanski Partners represents plaintiff Terrell Thomas in the above-referenced action. We write to respectfully request an informal discovery conference pursuant to Local Civil Rule 37.2 and Section II.D of Your Honor's Individual Practices concerning two related discovery issues involving Defendant Hermes B NY LLC ("Hermes"). The disputes concern Hermes' failure to respond to Plaintiff's written discovery demands and its refusal to permit Plaintiff's expert to conduct a noticed Rule 34 inspection of Hermes' premises.

Because Hermes' conduct has prevented Plaintiff from completing necessary discovery before the current June 29, 2026 discovery deadline, Plaintiff respectfully asks the Court to compel Hermes to promptly respond to Plaintiff's Discovery Demands and provide responsive documents by June 19, 2026.  Plaintiff also respectfully requests a limited amendment of the Scheduling Order to allow Plaintiff to inspect the Hermes premises after the June 29, 2026 deadline and to thereafter serve expert disclosures under Fed. R. Civ. P. 26(a)(2) and 26(e) based on that inspection.

By way of background, this action under Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.* (the "ADA") and its state and local counterparts concerns accessibility barriers at a place of public accommodation, the restaurant known as Empanada Mama located at 95 Allen Street in Manhattan, NY. Plaintiff is a disabled wheelchair user who alleges that Defendants own, operate, lease, or control Empanada Mama, and have denied him equal access to Empanada Mama by creating or maintaining architectural barriers to wheelchair access.

## A.     Request for an Informal Discovery Conference

Plaintiff seeks an informal discovery conference because he has been unable to resolve these issues despite repeated good-faith efforts to meet and confer. Plaintiff's counsel repeatedly contacted Hermes' counsel, Jeremi Chylinski, Esq., by email and telephone, asking that Hermes respond to the outstanding discovery demands and cooperate in scheduling the Rule 34 inspection. Hermes did not respond to Plaintiff's requests to meet and confer regarding either issue.

Most recently, on May 27, 2026, Plaintiff emailed Hermes and repeated Plaintiff's prior requests that Hermes produce responses and responsive documents to Plaintiff's First Request for Documents and First Set of Interrogatories (together, "Discovery Demands"), originally served on Hermes on November 26, 2025. Plaintiff asked Hermes to respond to the Discovery Demands by June 2, 2026, and requested that Hermes confirm by May 29, 2026 whether it would do so.

Because Hermes had not responded to prior emails and calls, Plaintiff's May 27 email also expressly requested a meet-and-confer by telephone or video conference, as required by Section II.D of Your Honor's Individual Practices. Plaintiff proposed multiple dates and times on June 3, June 4, and June 5, 2026. As with prior communications, Hermes did not respond As Hermes has refused to respond to Plaintiff's meet and confer request, no meet and confer occurred.

### *Hermes' Ongoing Refusal to Respond to Plaintiff's Discovery Demands.*

Plaintiff served his Discovery Demands on Hermes on November 26, 2025. Hermes did not respond within the time required by the Fed. R. Civ. P. 33 and 34. On January 9, 2026 Plaintiff followed up with Hermes by email and noted that the communication was a good faith effort to resolve the issue of Hermes' overdue responses to Plaintiff's Discovery Demands. On January 26, 2026 Hermes finally responded, representing that it would serve responses to Plaintiff's Discovery Demands by January 30, 2026. However, Hermes did not do so.

Since then, Plaintiff has continued to request Hermes' responses, but Hermes has not served written responses, produced documents, answered interrogatories, or provided a date certain by which it will do so.  As mentioned above, Plaintiff's May 27, 2026 email again requested that Hermes respond to Plaintiff's Discovery Demands or that Hermes meet and confer with Plaintiff as required by Your Honor's Individual Practices.  As in the past, Hermes did neither. Plaintiff therefore seeks Court intervention.

Pursuant to Fed. R. Civ. P. 37(a)(3)(B), Plaintiff therefore respectfully asks the Court to compel Hermes to respond to Plaintiff's Discovery Demands and provide responsive documents by June 19, 2026. Because Hermes' responses are long overdue, Plaintiff also respectfully requests that Hermes be deemed to have waived all objections other than objections based on attorney-client privilege or attorney work-product privilege. Should Hermes fail to comply with any order compelling discovery, Plaintiff respectfully requests leave to seek appropriate preclusion relief, including preclusion of evidence that Hermes failed to disclose in response to Plaintiff's Discovery Demands.

### *Hermes' Denial of Plaintiff's Entry to its Premises*

Plaintiff also seeks relief concerning Hermes' refusal to permit a Rule 34 inspection of the premises.  On January 7, 2026, Plaintiff served Hermes with a notice pursuant to Fed. R. Civ. P. 34(a)(2) to enter Empanada Mama on February 24, 2026 for a non-invasive inspection. That inspection did not proceed because of severe weather, a state of emergency, and a travel ban affecting New York between February 22 and February 24, 2026. Plaintiff promptly advised Hermes that the inspection could not proceed and that Plaintiff would provide new inspection dates.

2

Plaintiff thereafter made multiple efforts to reschedule the inspection. In March 2026, Plaintiff called and emailed Hermes' counsel several times to coordinate a date for Plaintiff's expert to inspect the premises. Hermes either did not respond or stated that the proposed dates would not work, without offering workable alternatives.  Because Hermes would not permit access to the premises, Plaintiff's expert inspected only the exterior-facing architectural elements and public routes to Empanada Mama on March 23, 2026. Plaintiff then served expert disclosures on April 24, 2026 based on the architectural elements Plaintiff's expert was able to inspect. However, Plaintiff still requires an inspection of the interior of the premises.

On April 29, 2026 Plaintiff asked Hermes if his expert could inspect Hermes' property on May 6 or May 7, 2026. Plaintiff received no response. Plaintiff followed up on May 4, 2026, and receiving no response followed up again on May 5, 2026.  Hermes finally responded that Plaintiff could not inspect on those days. Ultimately, Hermes refused each one of Plaintiff's requests and Hermes did not provide any specific date on which the inspection could proceed.

On May 7, 2026, Plaintiff served Hermes with an amended Rule 34 inspection notice setting the inspection for June 9, 2026 at 1:30 p.m. Hermes did not serve any written objection to the inspection notice under Rule 34(b)(2). Nor did Hermes otherwise advise Plaintiff that the inspection would not be permitted.  On the morning of June 9, 2026, Plaintiff contacted Hermes' counsel by email and telephone to request the name of the person at the premises with whom Plaintiff's expert should coordinate. Hermes did not respond. Plaintiff followed up again by phone, email, and text message, before the scheduled inspection time but still received no response.

When Plaintiff and his expert arrived at the premises at the noticed time, the Empanada Mama manager stated that he had no knowledge of any scheduled inspection. Plaintiff asked the manager to contact Hermes' counsel, and Plaintiff also called and left messages for Mr. Chylinski asking that he advise his client so the noticed inspection could proceed. Mr. Chylinski did not answer or respond. The manager later informed Plaintiff that the owner of Hermes would not allow the inspection to proceed.

To date, Hermes' counsel has not responded to Plaintiff's emails, voicemails or texts regarding the June 9, 2026 inspection.  Accordingly, Plaintiff respectfully requests that the Court compel Hermes to permit Plaintiff and his expert to inspect the premises on July 28, 2026, the next date on which Plaintiff's expert is available.

**B.      Application to Amend the Scheduling Order to Permit the July 28, 2026 Inspection and Issuance of related Expert Disclosures**

Pursuant to the Court's April 29, 2026 Order, Dkt No. 35, the current deadline to complete discovery is June 29, 2026.  Plaintiff has diligently attempted to complete discovery within that deadline. However, Hermes' failure to respond to written discovery and refusal to permit the noticed Rule 34 inspection have prevented Plaintiff from completing discovery through no fault of his own.

Plaintiff therefore respectfully requests an amendment of the Scheduling Order for the limited purposes of allowing Plaintiff to: (i) conduct the Rule 34 inspection of Hermes' premises

by August 1, 2026; and (ii) serve supplemental expert disclosures concerning that inspection by September 15, 2026.

Good cause exists under Fed. R. Civ. P. 16(b)(4) because Plaintiff could not complete this discovery within the current schedule despite diligent efforts. Plaintiff noticed the inspection, attempted to reschedule cooperatively, served a renewed Rule 34 notice, followed up repeatedly, and appeared for the inspection with his expert. Hermes' refusal to cooperate is the reason this limited extension is necessary.

Without this relief, Plaintiff will be deprived of discovery necessary to prosecute his claims, while Hermes would benefit from its violation of the Federal Rules of Civil Procedure, including Rule 1, which requires the parties to "construe, administer, and employ the rules of procedure to secure the just, speedy, and inexpensive determination of every action".

Plaintiff thanks the Court for its time and attention to this matter.

Respectfully,

/s/ Adam S. Hanski

Adam S. Hanski

In light of Plaintiff's letter at Dkt. 41, the Court deems the issues raised herein as moot. Plaintiff shall comply with the representations made in Dkt. 41 concerning compliance with discovery demands. Fact discovery is extended until **August 15, 2026** so that Plaintiff can conduct an expert inspection of the premises, and expert discovery is extended so that Plaintiff may serve supplemental expert disclosures concerning the inspection by **September 15, 2026**. Plaintiff's request for a conference is denied as moot but without prejudice to a renewed application in the event of non-compliance.

SO ORDERED:

6/24/2026

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

4