UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERRELL THOMAS,

Plaintiff,

- against -

TEK LIM CHEN et al.,

Defendant.

25-CV-2287 (PAE) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This resolves Defendant Chen's request at Dkt. 43 for sanctions or in the alternative to reopen fact discovery so that he may depose Plaintiff. Plaintiff opposes. (Dkt. 44.)

This is not the first time Defendant Chen has made a request to re-open fact discovery. When Defendant Chen previously requested an extension of fact discovery in April 2026 (Dkt. 33), the Court observed that "it is readily apparent that none of the parties have made a sufficient effort to pursue discovery or to meet and confer" and that "[n]o party has shown good cause for re-opening discovery." (Dkt. 36.) The Court nevertheless granted an extension of fact discovery "in the interest of justice" until June 29, 2026, but warned that "[t]here will be no further extensions." (*Id.*) Due to apparent medical issues affecting counsel for co-defendant Hermes, on June 24, 2026, the Court extended fact discovery to August 15, 2026, for the limited purpose of allowing Plaintiff to inspect the premises at issue. (Dkt. 42.) The Court did not extend fact discovery for any other purpose. Defendant Chen fails to show good cause for doing so now.

Defendant Chen's request to re-open discovery is therefore DENIED.[1] The Clerk of Court is respectfully directed to terminate the letter motion at Dkt. 43.

SO ORDERED.

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: September 8, 2026
New York, New York

Copies transmitted this date to all counsel of record.

[1] Other than with respect to when discovery closed, Plaintiff's opposition letter at Dkt. 44 is quite disingenuous. Plaintiff's statement that Defendant Chen did not request to meet and confer and did not notice Plaintiff's deposition misrepresents Defendant's having thrice attempted to obtain Plaintiff's response to a proposed date for Plaintiff's deposition. Plaintiff's counsel, Mr. Hanski, apparently chose to ignore Plaintiff's requests and provided no response; that failure to engage was unprofessional, and is now compounded by Mr. Hanski's mischaracterizing the record.